IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTA MCCANN and DONALD MCCANN,<br><br>Plaintiffs,<br><br>vs.<br><br>WHOLE FOODS MARKET GROUP, INC.,<br><br>Defendant. | CIVIL ACTION<br><br>NO.: 7:23-cv-01026-NSR |

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

The discovery sought by the parties in this case is likely to involve production of documents and things containing business, competitive, proprietary, trade secrets or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information.

Accordingly, the parties have agreed to enter into this Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contain Confidential Information, and the Court hereby ORDERS as follows:

**Designation of Confidential Information**

1. *Designation of Material*. Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as confidential material. Copies, extracts, summaries, notes and other derivatives of

confidential material also shall be deemed confidential material and shall be subject to the provisions of this Order.

2. *Subsequent Designation*. Documents and/or materials produced in the litigation that are not identified as Confidential Information when initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties and to any person who may be involved. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3. *Designation of Depositions*. Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affecting parties and persons either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.

4. *Modification of Designation*. The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

(a) The producing party may agree in writing to downgrade or eliminate the "Confidential" designation concerning any material it produced.

(b) If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to downgrade

or eliminate the "Confidential" designation. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

## Access to Confidential Information

5. *General Access*. Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

(a) To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record must first sign and deliver to counsel of record for each other party or parties in a letter in the form of Exhibit A hereto.

(b) To the parties after they have been given a copy of this Confidentiality Stipulation by their outside counsel and signed a letter in the form of Exhibit A.

(c) To court reporters transcribing a deposition, hearing or other proceeding in this matter who sign Exhibit A attached hereto (excluding court-appointed court reporters).

(d) To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or parties' outside counsel in good faith for the purpose of assisting in this litigation) who sign Exhibit A attached hereto.

(e) Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

6. *No Copies/Notes*. Except for internal use by outside counsel for the parties hereto, for court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts,

or facsimiles of the same or any portion thereof or shall make notes or otherwise summarize the contents of such Confidential Information.

7. *Disputes over Access*. If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## Use of Confidential Information

8. *Use in this Litigation Only*. Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

9. *Use at Deposition*. If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

10. *Use at Court Hearings and Trial*. Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designated party. Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

11. ~~*Filing Under Seal*. In accordance with the Local Rules for the Southern District of New York, each document filed with the Court that contains any Confidential Information shall~~

11. *Filing Under Seal*. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal, including the ECF Rules and Instructions of the Southern District of New York and the Court's Individual Practices.

~~be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are Confidential and subject to a Protective Order and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in the litigation or court personnel, or pursuant to order of the Court. Copies of such documents served on counsel for other parties shall be marked as Confidential.~~

12. *Reasonable Precautions*. Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

13. *Return After Litigation*. Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information.

## Other Provisions

14. *Not an Admission*. Nothing in this Order shall constitute an admission by the party that information designated as confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

15. *Miscellaneous*. This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This Order may be used to protect the confidentiality of the residential address and social security numbers of the parties and of any and all current or former

employees of either parties or their affiliates.

16. *Clawback Agreement.*

i. For purposes of this Clawback Agreement, an "Inadvertently Produced Document" is a document produced to a party in this litigaiton that could have been witheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege.

ii. Inclusion of an Inadvertently Produced Document in a production shall not result in the waiver of any privilege or protection assoiated with such document, nor result in a subject matter waiver of any kind.

iii. A producing party may demand the return of any Inadvertently Produced Document, which demand shall be made to the receiving party's counsel in writing and shall contain information sufficient to identify the Inadvertently Produced Document. Within five (5) business days of the demand for the Inadvertently Produced Document, the producing party shall provide the receiving party with a privilege log for such document that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege for the Inadvertently Produced Document. In the event that any portion of the Inadvertently Produced Document does not contain privileged information, the producing party shall also provide a redacted copy of the Inadvertently Produced Document that omits the information that the producing party believes is subject to a claim of privilege.

iv. Upon receipt of a written demand for return of an Inadvertently Produced Document, the receiving party shall immediately return the Inadvertently Produced Documents (and any copies thereof) to the producing party and shall immediately delete all electronic versions of the document.

     v.  The receiving party may object to the producing party's designation of an Inadvertently Produced Document by providing written notice of such objection within five (5) business days of its receipt of a written demand for the return of an Inadvertently Produced Document.  Any such objection shall be resolved by the Court after an *in camera* review of the Inadvertently Produced Document.  Pending resolution of the matter by the Court, the parties shall not use documents that are claimed to be Inadvertently Produced Documents in this litigation.

So stipulated and agreed:

**DUFFY & DUFFY, PLLC**

*Lizbeth Morales*
_____
By: Lizbeth Morales, Esq.
*Attorneys for Plaintiffs*
*Roberta McCann and Donald McCann*
1370 RXR Plaza
West Tower, 13th Floor
Uniondale, New York 10518
(516) 394-4200
ftorres@duffyduffylaw.com
lmorales@duffyduffylaw.com

**CHARTWELL LAW**

*Jarett L. Warner*
_____
By: Jarett L. Warner, Esq.
Attorneys for Defendant
*Whole Foods Market Group, Inc.,*
One Battery Park Plaza, Suite 710
New York, New York 10004
P: (212) 968-2300
F: (212) 968-2400
jwarner@chartwelllaw.com

The parties having stipulated and agreed hereto,

it is **SO ORDERED**, this __31st__ day of __August_____, 2023.

SO ORDERED.

_____
Dated: 9/7/23      Hon. Victoria Reznik, U.S.M.J.

**Exhibit A**

**AGREEMENT CONCERNING INFORMATION COVERED
BY CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

I have been designated by WHOLE FOODS MARKET GROUP, INC., as a person who may have access to Confidential Information as that term is defined in the Confidentiality Stipulation and Protective Order (the Order) entered in the above-titled case.

Having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as "Confidential" under the Order. I agree not to copy any documents or information that have been designated as "Confidential" and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Order to view Confidential Information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ____ day of _____, 2023    _____
**Print Name**

_____

_____
**Address**

Executed on this ____ day of _____, 2023    _____
**Print Name**

_____

_____
**Address**