**MEMO ENDORSED**

JAMES R. DUFFY (1936-2019)
MICHAEL E. DUFFY
MARY ELLEN DUFFY
JAMES N. LICALZI
SEAN M. DUFFY
DOROTHY R. RENZ
CLIFFORD ARGINTAR

OF COUNSEL
THOMAS L. GALLIVAN
JOHN S. KANZLER
ALAN W. CLARK
TRIAL COUNSEL
PRISCO VARDARO

# DUFFY & DUFFY, PLLC
ATTORNEYS AT LAW

1370 RXR PLAZA
UNIONDALE, NEW YORK 11556-1370
TELEPHONE   (516) 394-4200
FACSIMILE   (516) 394-4229

PLEASE SEND ALL MAIL TO THE UNIONDALE ADDRESS

FRANK TORRES
MARY-RITA WALLACE*
DAMIEN SMITH
LIZBETH MORALES
RHONDA L. MEYER
BENJAMIN H. BABCOCK
FRANK A. DISCIPIO

*ADMITTED IN NY & MA

NYC OFFICE:
555 5TH AVENUE, 14TH FL
NEW YORK, NY 10017
(212) 918-0690

June 13, 2024

**Via Electronic Filing**
Honorable Nelson S. Roman
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

> *RE: Roberta McCann et. al. v. Whole Foods Market Group, Inc.*
> Docket no.: 7:23-cv-01026-NSR
> Our File No.: 4053805

Dear Hon. Judge Roman:

This office represents the plaintiffs, Roberta McCann and Donald McCann in this action. This letter is submitted in response to the defendant's letter dated June 10, 2024.

The plaintiff timely disclosed Dr. Even J. Hawkins, MD, as the plaintiff's treating physician on May 6, 2024. Dr. Hawkins is the surgeon who performed Roberta McCann's right anterior total hip replacement in relation to this slip and fall accident.

Subsequently, on May 22, 2024, my client contacted me to advise that due to persistent pain and ongoing limitations, she decided to undergo surgery by Joel S. Buchalter, MD. This subsequent surgery (a release of the external rotator and removal of the bursa) has been scheduled to take place on August 15, 2024, at Northern Westchester Hospital. Due to this reason, I wrote to defense counsel the same day and disclosed Dr. Buchalter as an additional expert. Defense counsel did not reply to my disclosure that day nor was I contacted again.

On June 4, exactly one week before the discovery deadline of June 11, I received an email from defense counsel seeking to depose Dr. Buchalter. That same day I reached out to Dr. Buchalter's office to secure a date prior to the June 11 deadline, and I explained to defense counsel that it would be difficult to do so with less than one week's notice. Despite my best efforts, I have not

been able to secure an exact date for Dr. Buchalter's availability. However, his staff has advised that he requires at least a month and a half's notice for a deposition, and he is only available on Fridays.

Furthermore, I believe that his testimony would be more relevant after Mrs. McCann undergoes surgery on Aug. 15, as Dr. Buchalter had indicated to her that he will only know the actual extent of the repair that she requires once he is able to view and address the affected areas without relying only on imaging.

It should also be noted that defense counsel still owes us the original handwritten report of Whole Foods employee Seth Ojeda, who testified on March 22, 2024.

Although a typed written incident report was disclosed early in discovery, I discovered during Mr. Ojeda's deposition that he had prepared a handwritten report approximately one hour after the accident. According to Mr. Ojeda's testimony, he had turned in this handwritten report to Whole Foods that same day. A demand for this report was duly served the same day on March 22, 2024, along with additional discovery demands related to his testimony, and although other discovery responses were provided, the handwritten report was not. Defense counsel assured me that a search was being conducted for this handwritten report.

Defense counsel offered to submit the joint status letter dated May 3, 2024, and before submission I specifically requested via email that the outstanding handwritten report be included in this letter to the Court and it was agreed that it would be included.

However, my request to include my demand for the outstanding handwritten report was not included in the letter dated May 3rd. This may have been an omission on defense counsel's submission of the letter to the Court combined with an oversight on my part for not reviewing the final letter submitted to the Court, but my demand for Mr. Ojeda's handwritten report was in no way waived.

Therefore, I am respectfully requesting a further extension to address the above in an equitable manner.

Respectfully,

DUFFY & DUFFY PLLC

By: /S/Lizbeth Morales, Esq.
*Attorneys for the Plaintiffs*
1370 RXR Plaza
West Tower 13th floor
Uniondale, NY 11556
lmorales@duffyduffylaw.com


cc:

CHARTWELL LAW
Shanna R. Torgerson
Attorneys for Whole Foods Market Group, Inc.
One Bettery Park Plaza, Suite 710
New York, NY 10004
(212) 968-2300
Storgerson@chartwelllaw.com

The Court is in receipt of both parties' letters and is scheduling a telephonic status conference for **6/21/24** at 2:30 pm. The parties should be prepared to discuss the discovery issues outlined in their letters. The parties are to dial in to the ATT conference line at 877-336-1839, enter access code 5999739 and press # to enter the conference.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 6/14/24